PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT

for

**District of the Northern Mariana Islands**

F I L E D
Clerk
District Court

OCT 1 2 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Jason Ruluked                                  Case Number: 03-00004-001

Name of Sentencing Judicial     Alex R. Munson

Date of Original Sentence: July 08, 2003

Original Offense:  Obstruction of Justice, 18 U.S.C. § 1503 and False Statements, 18 U.S.C. § 1001

Original Sentence: Original Sentence: 33 months imprisonment followed by three years supervised release with conditions to include that the defendant shall not possess a firearm, destructive device, or any other dangerous weapons; not commit another federal, state, or local crime; not use or possess illegal controlled substances and submit to one urinalysis within 15 days of release from imprisonment and to two more thereafter; refrain from the use of any and all alcoholic beverages; participate in a substance abuse treatment program approved by the U.S. Probation for the treatment of narcotic addiction or drug or alcohol dependency which will include the testing for the detection of substance use or abuse; obtain or maintain gainful employment; perform 300 hours of community service; obtain a high school diploma or its equivalent; make arrangements to pay his creditors outlined in the presentence report.

Type of   Supervised Release    Date Supervision Commenced: June 20, 2005

Assistant U.S.     Timothy E. Moran       Defense Attorney: Loren Sutton

## PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 Special Condition (6) | Failure to participate in a substance abuse treatment program approved by the U.S. Probation for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. |
| 2 Standard Condition (7) | Failure to obtain and maintain gainful employment. |
| 3 Standard Condition (8) | Failure to perform 300 hours of community service under the direction of the U.S. Probation Office. |
| 4 Special Condition | Failure to pay special assessment fee of $200. |
| 5 Mandatory Condition (2) | Failure to report to the probation officer and submit a truthful and complete written report within the first five days of each month. |
| 6 Mandatory Condition (3) | Failure to answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer. |
| 7 Mandatory Condition (6) | Failure to notify the probation officer at least ten days prior to any change in residence or employment. |

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [ ] revoked.

    [ ] _____ years, for a total term _____ years.

[X] The conditions of supervision should be modified as follows:

*See attached report*

Reviewed by:

Rossanna Villagomez-Aguon
U.S. Probation Officer, Unit Leader

Date: 10/5/05

Reviewed by:

Timothy E. Moran
Assistant U.S. Attorney

Date: 10/7/05

I declare under penalty of perjury that the foregoing is true and correct.

Margarita DLG. Wonenberg
U.S. Probation Officer

Executed on: 10/07/05

THE COURT ORDERS:

[ ] No action.
[ ] The issuance of a warrant.
[X] The issuance of a summons. *for October 13, 2005 at 8:30 a.m.*
[ ] Other

Signature of Judicial Officer

10-12-2005
Date

# UNITED STATES DISTRICT COURT
## FOR THE
# NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| United States of America | ) | CRIMINAL CASE NO. 03-00004-001 |
|     Plaintiff, | ) | |
| | ) | |
| | ) | DECLARATION IN SUPPORT OF PETITION |
| vs. | ) | |
| | ) | |
| Jason Ruluked | ) | |
|     Defendant. | ) | |
| | ) | |

      I, U.S. Probation Officer Margarita DLG Wonenberg, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Jason Ruluked, and in that capacity declare as follows:

      On August 8, 2003, Mr. Ruluked was sentenced to 33 months imprisonment followed by three years supervised release for the offense of Obstruction of Justice, in violation of 18 U.S.C. § 1503, and False Statements, in violation of 18 U.S.C. § 1001. Mr. Ruluked commenced his term of supervised release on June 20, 2005. He is alleged to have violated the following conditions:

**Special Condition:** *That the defendant shall participate in a substance abuse treatment program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also make co-payment for treatment at a rate to be determined by the U.S. Probation Office.*

      On August 27 and August 29, 2005, Mr. Ruluked failed to show for substance abuse testing at Marinas Psychiatric Services (MPS). He is also recorded as failing to show for drug testing as scheduled by MPS on September 5, 23, and 26, 2005. As of this date, he is a no show for drug testing on five separate occasions.

**Special Condition:** *The defendant shall obtain and maintain gainful employment.*

      On September 19, 2005, this officer was informed by an employee of E-Tours a company that employed Mr. Ruluked, that his employment had been terminated because he had a habit of consuming alcohol during work hours, reporting to work late, and not reporting to work at all. According to the employee, Mr. Ruluked had been "drunk too many times".

DECLARATION IN SUPPORT OF PETITION
Re:     RULUKED, Jason
USDC Cr. Cs. No. 03-00004-001
October 5, 2005
Page 2


**Special Condition:** *The defendant shall perform 300 hours of community service.*

Mr. Ruluked was referred to the National Park Service on July 15, 2005 to perform his 300 hours of community service and to perform 16 hours weekly beginning July 23, 2005. Based on this schedule, he would have completed 144 hours of community service hours as of September 20, 2005. As of this date, records show that he has completed 64 hours. Although the manager for the Maintenance Section of the National Park Service, American Memorial Park, Ben Attao, is off-island, the collected number of hours performed by Mr. Ruluked was confirmed by Mr. Attao's assistant, Sid Sablan, who advised this officer that Mr. Ruluked worked well whenever he showed up, but that as of September 1, 2005, Mr. Ruluked has been a no show for work at the Park.

**Special Condition:** *That the defendant shall pay a special assessment fee of $200.*

This officer instructed Mr. Ruluked to begin making payments toward his special assessment fee and arranged for monthly payments of $50. Mr. Ruluked was hired as a jet-ski instructor by E-Tours on June 23, 2005, and on June 24, 2005, he signed a Financial Obligation Agreement with this officer and promised to begin making monthly payments beginning July 30, 2005. Records from the United States Attorney's Office Financial Litigation Unit reveal that Mr. Ruluked has made no payments and the amount of $200 remains unpaid.

**Standard Condition:** *The defendant shall report to the probation officer and submit a truthful and complete written report within the first five days of each month.*

Mr. Ruluked failed to submit a monthly supervision report for the month of August 2005 for report period ending September 5, 2005.

**Standard Condition:** *The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.*

This officer attempted on several occasions to have Mr. Ruluked report to the U.S. Probation and to answer to his noncompliance to the substance abuse testing and treatment administered by the Marianas Psychiatric Services. Several instructions were left with employer, E-Tours, in Garapan, and messages were left with his step-mother, Emaculada Kapileo. Mr. Ruluked's employer stated that they have given the messages to him and that he refuses to listen to them.

**Standard Condition:** *The defendant shall notify the probation officer at least ten days prior to any change in residence or employment..*

Mr. Ruluked was terminated from his employment on September 6, 2005. As of this date, he has not reported to his probation officer regarding the change in his employment status.

DECLARATION IN SUPPORT OF PETITION
Re: RULUKED, Jason
USDC Cr. Cs. No. 03-00004-001
October 5, 2005
Page 3

**Supervision Compliance**: The defendant was initially compliant with his supervision and submitted to the substance abuse treatment program schedule as required. He had missed two drug tests on June 27, 2005 and August 1, 2005, which were addressed during a noncompliance meeting and each time, Mr. Ruluked tested negative for illicit drugs and negative for blood alcohol content.

It is noteworthy to mention that on July 21, 2005, this officer was informed by Sukesh Barman, an employee of E-Tours, that he heard rumors that Mr. Ruluked had been drinking. According to Mr. Barman, Mr. Ruluked denied drinking beer and there was no action taken against him at that time. On July 22, 2005, this officer interviewed Mr. Ruluked and confronted him about his alleged drinking, but he insisted that he never consumed any alcohol.

**Officer Recommendation**: This probation officer respectfully requests that the Court issue a Warrant for Jason Ruluked to appear at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why supervise release in this case should not be revoked, or for any reason or cause which the Court may deem just and proper pursuant to 18 U.S.C. § 3583.

Executed this _7th_ day of October 2005, at Saipan, MP, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

MARGARITA DLG WONENBERG
U.S. Probation Officer

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Timothy E. Moran, Assistant United States Attorney
Loren Sutton, Defense Attorney
File

## VIOLATION WORKSHEET

1. Defendant   Jason Ruluked

2. Docket Number (Year-Sequence-Defendant No.)   03-00004-001

3. District/Office   Northern Mariana Islands

4. Original Sentence Date   07 / 08 / 03
   month   day   year

(If different than above):

5. Original District/Office   N/A

6. Original Docket Number (Year-Sequence-Defendant No.)   N/A

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Failure to participate in a substance abuse treatment program approved by the U.S. Probation for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse; | C |
| • Failure to obtain and maintain gainful employment; | C |
| • Failure to perform 300 hours of community service under the direction of the U.S. Probation Office; | C |
| • Failure to pay special assessment fee of $200 | C |
| • Failure to report to the probation officer and submit a truthful and complete written report within the first five days of each month | C |
| • Failure to answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer. | C |
| • Failure to notify the probation officer at least ten days prior to any change in residence or employment. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)   **C**

9. Criminal History Category (see §7B1.4(a)   **I**

10. Range of Imprisonment (see §7B1.4(a))   **3 - 9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X]   (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ]

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.

Defendant:    Jason Ruluked

☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | NA | Community Confinement | NA |
| Fine ($) | NA | Home Detention | NA |
| CS | 236 hours (64 completed) | Intermittent Confinement | NA |

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years.

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment:    27-33 months

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

None.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**